UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNETTA EDDINGS, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH NET, INC.,<br><br>Defendant. | Case No. CV10-1744 GHK (MANx)<br><br>STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION |

Based on the parties' [Proposed] Stipulated Protective Order Re Confidential Information ("Stipulated Protective Order"), filed on June 17, 2010, the terms of the Stipulated Protective Order are adopted as an order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs:  A; E5; E6; F4; F5; G1; and L of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document or thing as "Confidential" or "Highly Confidential - Attorneys' Eyes

1  Only" does not, in and of itself, create any entitlement to file such information,
2  document, or thing, in whole or in part, under seal. Accordingly, reference to this
3  Protective Order or to the partes' designation of any information, document, or
4  thing as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is wholly
5  insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" does not -- without the submission of **competent evidence**, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible - constitute good cause. Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each type of information, document, or thing sought to be filed under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, **competent evidence** supporting the application to file documents

under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible

**TERMS OF THE PROTECTIVE ORDER**

**A.    PURPOSE OF THE PROTECTIVE ORDER**

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Confidential Information produced in this action. Any unauthorized disclosure of Confidential Information in violation of this Order may be subject to discipline by the contempt powers of this Court.

**B.    DEFINITION OF CONFIDENTIAL INFORMATION**

"Confidential Information" is all documents, testimony and information that (1) have been produced by the Parties or any non-party in this action; and (2) have been properly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to Section C below.  Confidential Information may include, without limitation, testimony given in this action by any party or by any non-party, documents produced in this action by any party or by any non-party, written discovery responses given by any party and the information contained within such documents, and things produced in this action by any party or non-party.

**C.    DESIGNATION OF CONFIDENTIAL INFORMATION**

1.    <u>Criteria for Classification</u>

Any document or oral testimony produced or given in this action that is asserted by any party or non-party to contain or constitute Confidential Information shall be so designated by that party.

(a) <u>Criteria for "Confidential" Designation</u>

A party or non-party may designate documents, testimony or information as "Confidential" if the party or non-party making such designation in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information.

(b) <u>Criteria for "Highly Confidential – Attorneys' Eyes Only" Designation</u>

A party or non-party may designate documents, testimony or information as "Highly Confidential – Attorneys' Eyes Only" if (1) the party or non-party making such designation believes, in good faith, that such documents, testimony or information satisfy the criteria for designating such documents, testimony or information as "Confidential" pursuant to Section C(1)(a) above; and (2) the designating party believes, in good faith, such documents, testimony or information are of such a sensitive nature that they must not only be protected from disclosure to non-parties, but also from disclosure to the Parties themselves. Such "Highly Confidential – Attorneys' Eyes Only" documents, testimony and information may include, without limitation, trade secrets; confidential technical information; technical practices, methods, or other know-how; minutes of Board meetings; pricing data; financial data; sales information; customer-confidential information; agreements or relationships with third parties; market projections or forecasts; strategic business plans; selling or marketing strategies or new product development or testing; or information about employees.

2. <u>Manner of Designation</u>

The designation of Confidential Information shall be made by placing or affixing on the document or transcript testimony, in a manner which will not

1 interfere with its legibility, the words "CONFIDENTIAL" or "HIGHLY
2 CONFIDENTIAL – ATTORNEYS' EYES ONLY." Marking or stamping a label
3 on any electronic storage medium shall designate the contents of such electronic
4 storage medium as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
5 and so subject to the terms of this Protective Order.

### 3. Time of Designation

Except for documents produced for inspection at the party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked pursuant to this procedure.

Portions of deposition testimony shall be deemed confidential only if they are designated appropriately when the deposition is taken or within 10 business days after receipt of the transcript. Any testimony that describes a document that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as described above, shall also be deemed to be designated as such.

### D. RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

Information or documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any persons identified in Sections E and F below for any purposes whatsoever other than preparing for and

1  conducting the litigation in which the information or documents were disclosed
2  (including appeals).  The Parties shall not disclose information or documents
3  designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to
4  putative class members not named as plaintiffs in the putative class/collective
5  action litigation unless and until one or more classes has/have been certified.
6  Except as provided in Sections E and F below, counsel for the Parties shall keep all
7  documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes
8  Only" that are received under this Order secure within their exclusive possession
9  and shall take reasonable efforts to place such documents in a secure area.

### E. DISCLOSURE OF DOCUMENTS, TESTIMONY, AND INFORMATION DESIGNATED AS "CONFIDENTIAL"

Documents, testimony and information designated as "Confidential" may be disclosed and copies may be provided by the receiving party only under the following circumstances:

1.  Disclosure may be made to counsel and employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

2.  Disclosure may be made only to a party or employees of a party when required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

3.  Disclosure may be made to court reporters engaged for taking testimony and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

4. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

5. Disclosure may be made to any privately retained mediator employed by the Parties in this Proceeding provided that such disclosure is necessary and the privately retained mediator agrees to be bound by the terms of this Order.

6. Disclosure may be made to the Court and court personnel, in which event the parties shall seek to file such documents under seal pursuant to the procedures set forth in Section H.

No person shall make any disclosure of Confidential Information to any person falling within Section E(1)-(5) without first obtaining from any such person a signed statement in the form attached hereto as Exhibit A. Where advance notice is not feasible, Attachment A shall be executed within seventy-two (72) hours of the disclosure.

**F.    DISCLOSURE OF DOCUMENTS, TESTIMONY, AND INFORMATION DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

Documents, testimony and information designated as "Highly Confidential – Attorneys' Eyes Only " may be disclosed and copies may be provided by the receiving party only under the following circumstances:

1. Disclosure may be made to counsel and employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

2. Disclosure may be made to court reporters engaged for taking testimony and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

3. Disclosure may be made to an expert employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit who are not officers, directors or employees of the Parties. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

4. Disclosure may be made to any privately retained mediator employed by the Parties in this Proceeding provided that such disclosure is necessary and the privately retained mediator agrees to be bound by the terms of this Order.

5. Disclosure may be made to the Court and court personnel, in which event the parties shall seek to file such documents under seal pursuant to the procedures set forth in Section H.

No party employees shall be granted access to documents, testimony or information designated "Highly Confidential – Attorneys' Eyes Only" by the producing party, unless the producing party otherwise consents. No person shall make any disclosure of Confidential Information to any person falling within Section F(1)-(4) without first obtaining from any such person a signed statement in the form attached hereto as Exhibit A.

### G. HEARINGS AND TRIAL

1. If a party believes during the course of a hearing, trial, or other court proceeding that it is necessary to mention, refer to, or describe information in such a way that would reveal information designated as Confidential or as Confidential – Attorneys' Eyes Only, said party shall notify the Court and all other parties of that

1  fact prior to making such mention, reference, or description.  Either party may then
2  request that the hearing be conducted *in camera* or with such persons who are not
3  eligible to receive information designated as Confidential or Confidential –
4  Attorneys' Eyes Only excluded from the proceedings or may seek other appropriate
5  protection of the information.

6  2. Nothing in this Protective Order shall be construed to mean that
7  counsel of record for a party may not use Confidential or Confidential – Attorneys'
8  Eyes Only materials at trial, subject to any applicable objections or orders made by
9  the Court about such use.

### H. INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

Inadvertent production of any document that a party or non-party later claims should not have been produced because of a privilege, including but not limited to confidentiality, attorney-client or work product privilege, will not be deemed to waive any privilege.  A party or non-party may request that all Parties or non-parties that received the document destroy or return the inadvertently produced privileged document (and all copies of the document).  A request for the return of an inadvertently produced privileged document shall identify the document and the basis for withholding such document from production.

If a party or non-party requests the destruction or return of any inadvertently produced privileged document then in the custody of another party or non-party, the document and all copies thereof shall be destroyed or returned within five business days of the request.  The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

### I. CONFIDENTIAL INFORMATION FILED WITH THE COURT

In the event that any Confidential Information is included with, or the

1 contents thereof are in any way disclosed in any pleading, motion, deposition
2 transcript or other paper filed with the Clerk of this Court, the confidential
3 document shall be lodged under seal in accordance with Civil Local Rule 79-5.1.
4 The confidential document shall be submitted in an appropriate envelope labeled
5 with the case name and number and the title of the document. All envelopes
6 containing any confidential documents that are submitted to the Court shall carry
7 the following notation on the cover: **CONFIDENTIAL – SUBJECT TO**
8 **PROTECTIVE ORDER.** The party filing the confidential document that is being
9 submitted under seal shall present the document to the Court, along with a written
10 application and a proposed order pursuant to Civil Local Rule 79-5.1. Even if the
11 filing party believes that the document is not properly classified as confidential, the
12 filing party shall follow the procedures set forth in this section; provided, however,
13 that the compliance with these procedures shall be wholly without prejudice to the
14 filing party's rights under Section I of this Confidentiality Order.

**J. CHALLENGING DESIGNATION OF CONFIDENTIALITY**

If any party believes that a document or other information that has been designated as Confidential Information should not properly be treated as so designated within this Order, that party will notify the disclosing party of its disagreement with the confidential designation. Counsel for the Parties will then endeavor to reach an agreement regarding the status of that document or information within 10 business days. If no agreement can be reached after 10 business days, the party seeking to challenge the designation of the document shall file a motion for relief within 14 business days thereafter. Until the Court resolves the motion, the document will be treated as designated subject to the terms of this Order. The provisions of this paragraph provide procedures in addition to, not in lieu of, compliance with Civil Local Rule 37.

**K. NO ADMISSION OR WAIVERS**

The execution of this Order shall not:

1                 1.     constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to confidential documents or information; or

                  2.     be construed as an admission or agreement that any document or information designated as pursuant to the procedures set for in Section C of this Order is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

**L.     RETURN OF DOCUMENTS**

At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party, provided, however, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information and Confidential – Attorneys' Eyes Only Information that has become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions.  Such information shall remain subject to the terms of this Order.  If the Parties so stipulate, the material may be destroyed instead of being returned.

IT IS SO ORDERED.


Dated:  August 13, 2010                    _____
                                            Margaret A. Nagle
                                            United States Magistrate Judge

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | I hereby certify that I have carefully read the Stipulation and Protective |
| 3 | Order Re Use of Confidential Information in the above-captioned case, and that I |
| 4 | fully understand the terms of the Court's Order.  I recognize that I am bound by the |
| 5 | terms of that Order, and I agree to comply with those terms.  I hereby consent to be |
| 6 | subject to the personal jurisdiction of the United States District Court for the |
| 7 | Central District of California in respect to any proceedings relative to the |
| 8 | enforcement of that Order, including any proceeding related to contempt of court. |
| 9 | Dated this _____ day of _____, 2010.  Executed at |
| 10 | _____ (city and state). |

_____
Print Name

_____
Signature

Name:

Affiliation:

Business Address:

Home Address: