STUEVE SIEGEL HANSON LLP
Jason M. Lindner (SBN No. 211451)
550 West C Street, Suite 610
San Diego, California 92101
Phone: (619) 400-5822
Fax: (619) 400-5832

STUEVE SIEGEL HANSON LLP
George A. Hanson (MO Bar #43450)
Eric L. Dirks (MO Bar #54921)
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| SHAUNETTA EDDINGS, individually and on behalf of a class of similarly situated individuals,,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH NET, INC.; HEALTH NET OF CALIFORNIA, INC.; HEALTH NET FEDERAL SERVICES, LLC; MANAGED HEALTH NETWORK, INC.; HEALTH NET OF THE NORTHEAST, INC.; HEALTH NET PHARMACEUTICAL SERVICES, INC.,<br><br>Defendants. | Case No. 10-CV-01744 JST (MANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF CLASS NOTICE**<br><br>Date: April 4, 2011<br>Time: 10:00 a.m.<br>Judge: Hon. Josephine Staton Tucker |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On February 23, 2011, this Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion to Certify a Class Action, Granting Plaintiff's Motion to Certify Conditionally a Collective Action, and Denying Defendant's Motion to Strike Expert Evidence (the "Order"). Doc. 109. As part of that Order, this Court instructed the parties to meet and confer to agree upon a class notice, and

submit a proposed notice to the Court no later than 10 days from the date of the Order. *Id.* On February 28, 2011, the parties agreed to meet and confer on March 2, 2011, and that Plaintiff would circulate a proposed form of notice in advance of that conference. Declaration of Jason M. Lindner in Support of Motion for Approval of Class Notice ("Lindner Decl.") at ¶ 2. On March 1, 2011, Plaintiff sent to Defendant two proposed forms of class notice: one to be sent to California putative class members regarding both the FLSA collective action and the Federal Rule 23 class, and one to be sent to putative FLSA class members outside of California. *See* Proposed Forms of Class Notice, attached to Lindner. Decl. as Exs. A and B.

On March 2, 2011, the parties met and conferred regarding these proposed notices. At that time, Defendants' counsel stated several significant disagreements with Plaintiff's proposed forms of class notice: that they would not produce class member information for the FLSA class; that they believed this Court inadvertently certified an incorrect class period for the FLSA class; that the proposed notice period was too long; that they believed the contact information for Defendants' counsel should be added; and several other language or formatting changes. *See* email from Tina Tran to Jason Lindner, dated March 3, 2011, attached to Lindner Decl. as Ex. C. As some of these issues include Defendants' requests that this Court modify or reconsider its Order, Plaintiff's counsel believes that a compromise between the parties on all points without this Court's assistance is not possible.

On March 3, 2011, the parties jointly filed a stipulation to extend the time to submit a proposed form of class notice to this Court, in the hope that with more time they might resolve some of the outstanding disputes and jointly submit a proposal regarding the remaining issues. As of March 7, 2011, the Court has not yet signed an Order approving that extension. Accordingly, Plaintiff timely brings this motion to approve her form of class notice.

## II. ANALYSIS

### 1. <u>Plaintiff's Form of Notice Should be Adopted.</u>

As specifically mandated by Rule 23, once this Court has certified a class action, "the court must direct to class members the best notice that is practicable under the circumstances . . . ." *See* Fed. R. Civ. Pro. 23(c)(2)(B)[1]. In discussing the form and substance of class notice, the rule further directs that any notice "must clearly and concisely state in plain, easily understood language" the nature of the action, the class definition, the class claims and defenses, that the class member may enter an appearance through an attorney, that the court will exclude from the class any members who request exclusion, the time and manner for requesting exclusion and the binding effect of any class judgment. *See id.* Plaintiffs' proposed notice clearly includes all such information in easily understood language and, as further outlined below, specifically comports to the Federal Judicial Center's recommended form of class notice.

In considering the proper notice to be submitted to members of this class action, "[t]he Court has both the power and the duty to ensure that the notice is fair and accurate, [but] *that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary.*" *Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004) (citing *King v. ITT Cont'l Baking Co.*, No. 84-C-3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986)) (emphasis added). Thus, the Court should adopt Plaintiffs' proposed notice unless it is unfair or it contains inaccurate information related to the case. As the *Heitmann* court specifically explained:

> Although Defendant's proposed notice and consent forms would be adequate, the Court will not order the Plaintiff to use the Defendants' proposed forms. The Court has both the power and the duty to ensure that the notice is

---

[1] The FLSA does not specifically discuss the form of collective action notice. *See, e.g.*, 29 U.S.C. 216(b). In the absence of such statutory guidance, Rule 23's provisions are instructive as to a fair form of FLSA collective notice.

> fair and accurate, [but] that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary. There are myriad minor variations in the presentation of information that might make a difference to the parties in the case. As one example, the Plaintiff may want to generate the notice on the stationery of its law firm rather than a page headed with a formal case caption. The only thing that matters to the Court is that the notice of lawsuit and consent form convey accurately and fairly all the necessary information at this stage.

*Id.* at *3 (internal citations omitted). *See also Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM, 2006 WL 2919076, at * 1 (D. Kan. Oct. 11, 2006) (deferring to the plaintiff's proposed notice over the defendant's proposed notice so long as plaintiff's notice is fair and not misleading).

In addition to being in compliance with the Federal Rules of Civil Procedure, Plaintiffs' proposed class notice was drafted in a very similar manner to the approved and recommended form class notice maintained on the Federal Judicial Center's website. *See, e.g,* Example Employment Discrimination Class Action Certification: Full Notice, attached to Lindner Decl. as Ex. D; *see also* www.fjc.gov. On that website, the Federal Judicial Center informs judges and lawyers that it has drafted several form class notices as "illustrative" forms to be followed by the courts and counsel throughout this country when dealing with class action notices. The Federal Judicial Center states the following concerning the exhaustive research it conducted in arriving at what it considers to be the best practicable form for class notice:

> We began this project by studying empirical research and commentary on the plain language drafting of legal documents. We then tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects. Through this process, we identified areas where reader comprehension was low. We found, for example, that nonlawyers were often confused at the outset by use of the terms "class" and "class action." Combining information from the pilot test with principles gleaned from psycholinguistic research, we drafted preliminary illustrative class action

notices and forms. We then asked a lawyer-linguist to evaluate them for readability and redrafted the notices in light of his suggestions.

Plaintiff's proposed form of class notice largely follows the format of the Federal Judicial Center's illustrative forms. Defendants have proposed several minor changes to the form of Plaintiff's notice. For example, they seek to have the heading stating the relevant district court removed. *See* Lindner Decl., Ex. C. That heading appears in all of the Federal Judicial Center's recommended forms. Lindner Decl. Ex. D and www.fjc.gov.

In addition, on March 7, 2011, the day this Motion was filed and the day class notice was required to be submitted to this Court absent an extension, Defendants sent a revised version of the class notice with extensive proposed changes to Plaintiff. *See* email from Mary Dubose to Jason Lindner, dated March 7, 2011, and redlined forms of notice, attached to Lindner Decl. as Exhibit E. These redlined changes are largely non-substantive in nature, aside from the particular issues noted below. As noted above, there is no reason to modify Plaintiffs' proposed notice unless it is unfair or it contains inaccurate information, especially given its conformance with the illustrative examples provided by the Federal Judicial Center. Accordingly, the Court should adopt and approve Plaintiffs' proposed notice.

2. **Defendants' Proposed Changes to the Form of Notice Should Not be Incorporated.**

A. **Contact Information for FLSA Class Members.**

At the conference of counsel, Defendants stated their position that they would not produce the contact information for those putative class members in the FLSA class, because "the collective action group must opt in to the class, and thus their names and addresses should be private information until they do so." *See* Lindner Decl., Ex. C. Defendants stated that they would request that this Court "reconsider its Order in that regard." *Id.* Defendants therefore stated that the FLSA

class members must be contacted through a third-party administrator, and that the notice would need to reflect that in the contact information[2]. *Id.*

This Court's Order clearly stated that "At the time of the meet-and-confer, Defendant shall produce the names and addresses of the members of the Rule 23 class and FLSA class." Order at p. 29. Further, the issue of class member information has already been briefed during the Motion for Class Certification and there is no need to revisit it at this point. *See, e.g.,* Plaintiffs' Memorandum in Support of Reply (Doc. 68) at 29-30. As noted in that memorandum, the United States District Court for the Northern District of California has stated:

> the information sought by Plaintiff is not particularly sensitive. **In fact, the disclosure of names, addresses, and telephone numbers is common practice in the class action context** because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy.

*Khalilpour v. CELLCO Partnership,* No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *3 (N.D. Cal. April 1, 2010) (emphasis added) (citing the California Supreme Court's decision in *Pioneer Electronics v. Superior Court,* 40 Cal.4th 360, 373 (2007)). There is no reason for Defendants to continue to withhold this information. The contact information for those putative class members in the FLSA collective action should be produced.

### B. Time Period for the FLSA Class.

Defendants' counsel also stated their belief during the meet and confer

---

[2] Plaintiff's counsel agreed to consider the possibility of using a third-party administrator for the FLSA class members as a compromise, if Defendants would agree to pay for that administrator. Defendants subsequently indicated that they would not do so. Lindner Decl., Ex. C. Plaintiff may still decide to use a third-party administrator for efficiency purposes, and if so, will modify the contact information accordingly without changing the substance of the notice. However, Plaintiff's primary position remains that the class member information should be produced in to counsel in accordance with this Court's Order, regardless of whether an administrator is involved.

conference that that this Court "inadvertently misspoke" in certifying a four-year period for the FLSA collective notice. Lindner Decl., Ex. C. Plaintiff's counsel responded at that time that the forms of class notice were drafted in accordance with this Court's Order and in the absence of any additional directive from this Court, Plaintiff would not *sua sponte* create a modification to that Order or issue a class notice that does not properly reflect the Court's decision. *Id.*

No motion for reconsideration has yet been filed by Defendants. Plaintiff has drafted the notice to properly inform putative class members of the content of this Court's Order. Unless this Court reconsiders or modifies its Order, Plaintiff's class notice should issue as currently drafted. In the event this Court does modify its Order in that respect, the class notice can be modified to reflect that change in the FLSA class period, and still issue in its current form in all other regards.

### C. Contact Information for Defendant's Counsel.

The proposed form of class notice has a section listing the contact information for Plaintiff's counsel, in the event putative class members seek additional information or have questions about how to complete the forms. Defendants' counsel has demanded that their contact information be included as well. *Id.*

Courts are hesitant to allow communications between a defendant and putative class members once a class has been certified. "Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable." *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985) (citing *Zarate v. Younglove*, 86 F.R.D. 80, 90 n. 13 (C.D. Cal. 1980)); *see also EEOC v. Morgan Stanley & Co., Inc.*, 206 F. Supp. 2d 559, 561 (S.D.N.Y. 2002) (EEOC suits are "in the nature of class actions"; employers' communications with employees had to be approved by the court); *Dondore v. NGK Metals*, 152

F.Supp.2d 662, 665 (E.D.Pa., 2001) ("truly representative" nature of a class action affords its putative members the protections contained in Rule of Professional Conduct 4.2).

The class members, if they join the FLSA action or do not opt-out of the California Rule 23 action, will be represented by Plaintiff's counsel. Plaintiff's counsel are capable of answering questions related to the notice and the forms, as well as providing general information about the case. Class counsel are, at the very least, in a fiduciary relationship with the putative class members, and so are the proper contact for informational purposes. *See id.* (noting "putative class members stand at least in a fiduciary relationship with class counsel"); *see also In re Currency Conversion Fee Antitrust Litig.*, No. MDL No. 1409, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004) *(citing In re Avon Sec. Litig.*, No. 91 Civ. 2287, 1991 WL 834366 (S.D.N.Y. Nov. 30, 1998) ("Even before a class has been certified, counsel for the putative class owes a fiduciary duty to the class."); *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992) ("The role of class counsel is akin to that of a fiduciary for the class members."); *In re General Motors Pick-Up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 778, 801 (3d Cir. 1995) ("[C]lass attorneys . . . owe the entire class a fiduciary duty once the class complaint is filed."); *Wagner v. Lehman Bros. Kuhn Loeb*, 646 F. Supp. 643, 661 (N.D. Ill. 1986); (class counsel "stands in a fiduciary relationship with the absent class."); *Schick v. Berg*, No. 03 Civ. 6513 (LBS), 2004 WL 856298, at *6 (S.D.N.Y. April 20, 2004) (class counsel owes a fiduciary duty to putative class members regarding the issues in the class action). In this instance, there is no reason to include Defendants' counsel information in the class notice. It would only create the possibility of class members contacting the wrong counsel out of mistake or confusion, or create the implication that class members are represented by Defendant's counsel in some way. The class notice should not contain Defendants' counsel information in the contact section.

### D. Time Period for Class Notice.

Plaintiff's counsel has proposed a 90-day period for the issuance of class notice and for putative class members to respond. Defendants' counsel stated that the proposed 90 day time period was too long, and that they would seek a 30 or 45-day period. Lindner Decl., Ex. C. Subsequent to that conference, Defendants have stated they would agree to a compromise for a 60-day period. *Id.*

Given that this case involves both an opt-in class under the FLSA and a California opt-out Rule 23 class, and the additional complexity and potential for class member confusion inherent in this notice, Plaintiff believes that a longer period is both necessary and appropriate. There is no currently-set deadline for the close of discovery, and a longer time for class members to respond creates no prejudice for either party – it only ensures adequate time for all the putative class members to make an informed and considered decision, and for notice to be properly administered. Therefore, Plaintiff believes that a 90-day period should be approved by this Court.

## III. CONCLUSION

The starting point for the Court's consideration is the Plaintiffs' proposed notice, and the Court should not modify that notice "unless such alteration is necessary." *Heitmann,* 2004 WL 1718420 at *3. Because Plaintiffs' proposed notice is "timely, accurate, and informative," this Court should not materially alter it. Further, in accordance with the Order, Plaintiff respectfully requests that this Court reaffirm that Defendants must produce the contact information for those putative class members in the FLSA collective action.

///
///
///

| | |
|---|---|
| 1 | Dated: March 7, 2011 |
| 2 | |
| 3 | By: s/ Jason M. Lindner |
|   | Jason M. Lindner |
|   | STUEVE SIEGEL HANSON LLP |
| 4 | 550 West C Street, Suite 610 |
|   | San Diego, California 92101 |
| 5 | Phone: (619) 400-5822 |
|   | Fax: (619) 400-5832 |
| 6 | |
|   | George A. Hanson |
| 7 | Eric L. Dirks |
|   | STUEVE SIEGEL HANSON LLP |
| 8 | 460 Nichols Road, Suite 200 |
|   | Kansas City, Missouri 64112 |
| 9 | Telephone: (816) 714-7112 |
|   | Facsimile: (816) 714 7101 |
| 10 | |
|   | *Attorneys For Plaintiff* |