1   STUEVE SIEGEL HANSON LLP
    Jason M. Lindner (SBN No. 211451)
2   550 West C Street, Suite 610
    San Diego, California  92101
3   Phone: (619) 400-5822
    Fax:  (619) 400-5832
4
    STUEVE SIEGEL HANSON LLP
5   George A. Hanson (MO Bar #43450)
    Eric L. Dirks (MO Bar #54921)
6   460 Nichols Road, Suite 200
    Kansas City, MO 64112
7   Tel:  (816) 714-7100
    Fax:  (816) 714-7101
8   *Attorneys for Plaintiff*

9

10                  **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

12  SHAUNETTA EDDINGS, individually and      Case No.  10-CV-01744 JST
    on behalf of a class of similarly situated   (MANx)
13  individuals,,
                                                 **REPLY IN SUPPORT OF**
14                 Plaintiff,                    **MOTION FOR APPROVAL OF**
                                                 **CLASS NOTICE**
15          v.
                                                 Date: April 4, 2011
16  HEALTH NET, INC.; HEALTH NET OF            Time: 10:00 a.m.
    CALIFORNIA, INC.; HEALTH NET             Judge: Hon. Josephine Staton
17  FEDERAL SERVICES, LLC; MANAGED            Tucker
    HEALTH NETWORK, INC.; HEALTH
18  NET OF THE NORTHEAST, INC.;
    HEALTH NET PHARMACEUTICAL
19  SERVICES, INC.,

20                 Defendants.

21

22  **I.    INTRODUCTION**

23          Defendants' Opposition to Plaintiff's Motion for Approval of

24  Class/Collective Action Notice (the "Opposition")  ignores the content of this

25  Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Certify a

26  Class Action, Granting Plaintiff's Motion to Certify Conditionally a Collective

27  Action, and Denying Defendant's Motion to Strike Expert Evidence (the "Order"),

28  misstates the applicable law, seeks to inappropriately inflate the costs of notice to

1    Plaintiff by requiring a third-party administrator, and requests unnecessary and

2    confusing changes to Plaintiff's proposed forms of notice.  Plaintiff's proposed

3    notice meets the standards of Fed. R. Civ. Pro. 23(c)(2)(B) and should be approved.

4    **II.    ANALYSIS**

5         **1.    <u>The Time Period in the Class Notice Must Match The Period in</u>**

6              **<u>This Court's Certification Order.</u>**

7         The Order issued by this Court stated that "The FLSA class conditionally

8    certified is defined as 'customer service representatives who worked in Health

9    Net's call centers nationwide within the last four years.'"  Order (Document No.

10   109) at p. 29.  Although Defendants cite authority regarding the Fair Labor

11   Standards Act ("FLSA") in their Opposition, they can cite to no authority that

12   permits issuance of a notice that does not accurately reflect the collective action

13   period certified by this Court.  Despite this Court's issuance of its Order more than

14   a month prior to the date this Reply is filed, Defendants have brought no motion for

15   modification or reconsideration of the collective action period certified therein.

16   Instead, they request only that the class notice contain a different collective action

17   period from the one that was certified.  To do so would be inappropriate – the

18   notice must accurately state the contents of this Court's Order.

19        As stated in Plaintiff's Motion for Approval of Class Notice (the "Motion"),

20   in the event this Court does *sua sponte* modify its prior Order in this respect, the

21   class notice can be modified accordingly to reflect the change in the FLSA class

22   period, and still issue in its current form in all other regards.

23        **2.    <u>Defendants' Counsel's Contact Information Should Not be</u>**

24              **<u>Included.</u>**

25        Defendants cite to three cases for their contention that Defendants'

26   counsel's information should be included on the class notice.  Two of those cases,

27   however, specifically note the Manual of Complex Litigation's description of

28   proper class notice and its statement that a proper class notice should "prominently

- 2 -

1   display the address and phone number of <u>class counsel</u> and the procedure for

2   making inquiries." *See Santos v. Camacho*, No. Civ. 04-00006, 2007 WL 81868 at

3   *7 (D.Guam, Jan. 9, 2007) (*quoting* Manual for Complex Litigation, Fourth, §

4   21.312); *Colesberry v. Ruiz Food Products, Inc.*, No. CV F 04-5516 AWI SMS,

5   2006 WL 1875444 (E.D. Cal. June 20, 2006) (same) (emphasis added)[1].  The class

6   notice in the third case, although stating defense counsel's information, also clearly

7   stated that "Further information about this Notice, the deadline for filing a Consent

8   to Become Party Plaintiff, or questions concerning this lawsuit may be obtained by

9   writing or phoning the <u>Plaintiff's counsel</u> at the telephone number and address

10  stated [above]." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101

11  (S.D.N.Y. 2003).  Although all of these cases stated in passing that defense

12  counsel's information was included in the notice, none analyzed that inclusion nor

13  stated that it was necessary.

14          In short, the above cases stand for the proposition that <u>class counsel's</u>

15  information must be clearly communicated and that questions concerning the

16  lawsuit should be directed to class counsel.  None of these cases state that defense

17  counsel's information should, or must, be included, particularly in an instance of

18  ongoing litigation and not merely a settlement class.  The Manual for Complex

19  Litigation's instruction that a proper notice should "prominently display the address

20  and phone number of <u>class counsel</u> and the procedure for making inquiries" is

21  particularly instructive here; were the provision of defense counsel's information a

22  standard practice, the Manual would note that a proper notice should display the

23  contact information for both sides.

24          Although Defendants are correct in stating that the situation in *Kleiner v.*

25  _____

26  [1] Of note, these two cases also involved the certification of a settlement class, not
    certification in a case where litigation was ongoing. *Santos* at *7-8, *Colesberry* at

27  *7-8.  In cases where the parties have mutually agreed upon the terms of settlement,
    there is less concern about unsupervised communications between defense counsel

28  and putative class members.

REPLY IN SUPPORT OF MOT.
FOR APPROVAL OF CLASS NOTICE
CASE NO. 10-CV-1744 JST (MANX)

1    *First Nat. Bank of Atlanta* included additional suspicious conduct on the part of

2    defense counsel, the *Kleiner* court's statement that the potential damage from

3    misstatements by defense counsel to putative class members "could well be

4    irreparable" should not be ignored.  *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d

5    1193 (11th Cir. 1985) (*citing Zarate v. Younglove*, 86 F.R.D. 80, 90 n. 13 (C.D.

6    Cal. 1980).  Defendant's counsel's information should not be included in the class

7    notice[2].

8    ### 3.    A 90-Day Notice Period is Appropriate.

9    Courts have often approved of a 90-day period for putative class members to

10   respond to a class notice.  *See, e.g., In re Milos Litig.*,  No. 08 Civ. 6666(LBS),

11   2010 WL 199688 at *2 (S.D.N.Y. Jan. 11, 2010) (ordering 90-day response period

12   in mixed FLSA collective action and Rule 23 class action case); *Rottman v. Old

13   Second Bancorp, Inc.,* 735 F.Supp.2d 988, 994 (N.D.Ill. 2010) (finding a 90-day

14   period a "reasonable compromise" between plaintiff's proposed 120 days and

15   defendant's request for 60 days); *Lee v. ABC Carpet & Home*, No. 00 CIV 0984

16   DAB, 2007 WL 2263102 at *2 (S.D.N.Y. Aug. 3, 2007) (ordering 90-day deadline

17   for receipt of consent forms and opt-out forms); *Fiore v. Goodyear Tire & Rubber

18   Co.*, No. 2:09-cv-843-FtM-29SPC, 2011 WL 867043 at *4 (M.D.Fla. March 10,

19   2011) (ordering 90-day period to return consent forms in FLSA action); *Campbell

20   v. Advantage Sales & Marketing, LLC,* No. 1:09-cv-01430-LJM-DML2010, WL

21   4386793 (S.D.Ind. October 28, 2010) (finding a 90-day period appropriate "in the

22   interests of justice" with a large class);  *Anyere v. Wells Fargo, Co., Inc.*, No. 09 C

23   2769, 2010 WL 1542180 at *4 (N.D.Ill. April 12, 2010) (allowing 120 day opt-in

24   period for FLSA collective action class).

25   

26   [2] In the event this Court does decide that inclusion of Defendants' counsel's
     information is warranted, Plaintiff requests that the notice clearly state, as the notice

27   in *Gjurovich* did, that "[f]urther information about this Notice, the deadline for
     filing a Consent to Become Party Plaintiff, or questions concerning this lawsuit

28   may be obtained by writing or phoning the Plaintiff's counsel."

1    Here, with a class in excess of 2000 people in California alone, and with

2    notices regarding both Rule 23 class certification and FLSA conditional

3    certification, a longer period for dissemination and administration of the notice is

4    warranted.  Although Plaintiff believes that the notice is as clear as possible, it is

5    likely that California class members who fall into both the FLSA and Rule 23

6    classes may have questions about the process, and Plaintiff wishes to ensure that all

7    queries can be answered and every class member has the time to come to an

8    informed decision.  Further, as there is no deadline currently set for the close of

9    discovery, a longer time than 60 days for class members to respond creates no

10   prejudice for either party.  The proposed 90-day notice period should be approved.

11   **4.    Defendants Should Provide Contact Information for the FLSA**

12   **Collective Action Members to Plaintiff.**

13   The issue of Defendants' provision of class member information has already

14   been briefed during the Motion for Class Certification.  *See, e.g.,* Plaintiffs'

15   Memorandum in Support of Reply (Doc. 68) at 29-30.  This Court's Order

16   specifically addressed this issue.  See Order at p. 29 ("At the time of the meet-and-

17   confer, Defendant shall produce the names and addresses of the members of the

18   Rule 23 class and FLSA class.")  It is inappropriate for Defendants to seek to re-

19   litigate this issue under the guise of opposing the form of class notice.

20   Moreover, Defendants have provided no valid reason for their refusal to

21   provide this information.  Contact information for putative class members is

22   routinely provided in collective action cases.  *See, e.g., Hoffmann-La Roche Inc. v.*

23   *Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (approving district

24   court's order to produce names and addresses of putative class members in ADEA

25   action, which incorporates the opt-in collective action provisions of the FLSA);

26   *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554-55 (N.D.Ill.2008) ("Due

27   process requires an opportunity to discover this information at the present stage of

28   litigation, and such due process rights are more compelling than the privacy rights

REPLY IN SUPPORT OF MOT.
FOR APPROVAL OF CLASS NOTICE
CASE NO. 10-CV-1744 JST (MANX)

1  of potential plaintiffs' addresses and phone numbers.") In fact, courts have even

2  ordered the disclosure of social security numbers to counsel for notice purposes

3  where a protective order or confidentiality order is in place and such information

4  was reasonably necessary to locate collective action members[3]. *See, e.g., Shajan v.*

5  *Barolo, Ltd.*, No. 10 Civ. 1385(CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2,

6  2010) (ordering defendants to produce collective members' social security numbers

7  subject to plaintiffs' execution of confidentiality agreement); *Fang v. Zhuang*, No.

8  10 Civ. 1290(RRM)(JMA), 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010)

9  (same). Further, Defendants have admitted their willingness to provide this

10 supposedly private and confidential information to a third-party administrator, who

11 would not be bound by the professional responsibility provisions of the California

12 Bar, but have not given any reason why they believe that Plaintiff's counsel is not

13 to be trusted with that same information.

14       Defendants' citation to *Belaire-West Landscape, Inc. v. Sup. Ct.*, 149

15 Cal.App.4th 554 (2007) is inapposite. Even if this Court were to consider state-law

16 precedent, *Belaire-West* dealt solely with discovery of class member information

17 before certification, when there is an open question as to whether that information

18 will ever need to be disclosed to anyone. *Id.* at 556. After certification, this

19 information must necessarily be disclosed for the purposes of notice. When

20 disclosure of this information for notice purposes is necessary, Defendants have

21 given no explanation why putative collective action members would supposedly

22 want their contact information given to a third-party and not to Plaintiff's counsel.

23 As the *Belaire* court stated: "Just as the dissatisfied Pioneer customers could be

24 expected to want their information revealed to a class action plaintiff who might

25 obtain relief for the defective DVD players, so can current and former Belaire-West

26 employees reasonably be expected to want their information disclosed to a class

27

28

_____

[3] A Protective Order to protect confidential information was entered in this matter on August 13, 2010. (Document No. 31)

1   action plaintiff who may ultimately recover for them unpaid wages that they are

2   owed." *Id.* at 561 (internal citation omitted).

3          The two other cases cited by Defendants, where collective action information

4   was provided to a third-party administrator, both dealt with situations where

5   plaintiffs did not oppose that process or did not explain to the Court why they felt it

6   would be preferable for plaintiff to oversee the process. *See Lewis v. Wells Fargo*,

7   669 F.Supp.2d 1124, 1128 (N.D. Cal. 2009) ("Although Plaintiffs correctly note

8   that the Court is authorized to order the production of potential class members'

9   contact information to Plaintiff's counsel, they have not explained why it would be

10  preferable for their counsel to oversee distribution of the notice."); *Wren v. RGIS*

11  *Inventory Specialists*, No. C-06-05778 JCS , 2007 WL 4532218 at *9 (N.D. Cal.

12  Dec. 19, 2007) (stating that plaintiffs "do not challenge these assertions" that

13  administration would be done via a third-party).  In the present matter, Plaintiff

14  contends that there is no need to create the inefficiency and additional costs of

15  routing FLSA collective action member information and administration through a

16  third-party while at the same time disclosing California Rule 23 class member

17  information to counsel.  Plaintiff's counsel should have the ability to administer the

18  notice in a comprehensive and consistent manner, and to do it in the most efficient

19  and cost-effective manner possible.  Therefore, as this Court has previously

20  decided, the contact information for FLSA collective action members should be

21  provided to Plaintiff.

22          5.      **Plaintiff's Form of Notice Should be Adopted.**

23          Plaintiff's proposed notice to the class should not be altered "unless such

24  alteration is necessary." *Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL

25  1718420, at *3 (N.D. Ill. July 30, 2004) (citing *King v. ITT Cont'l Baking Co.*, No.

26  84-C-3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986)) (emphasis added).

27  "There are myriad minor variations in the presentation of information that might

28  make a difference to the parties in the case....The only thing that matters to the

1    Court is that the notice of lawsuit and consent form convey accurately and fairly all

2    the necessary information at this stage." *Id.* at *3 (internal citations omitted).

3           Defendants contend that statements referring to the FLSA "class" or to the

4    nationwide "class action" should be revised to refer to the "collective action" and

5    the "collective action members." Although the "collective action member"

6    terminology is technically more correct than "class member," the term "class

7    member" is more familiar and recognizable to the layperson and use of that term is

8    less likely to cause confusion[4]. In the context of this notice and communicating the

9    nature of this action, these terms are largely interchangeable. Many Courts use the

10   "class" term when referring to collective action members in their decisions, and this

11   Court has even used the terms interchangeably in its own Order. *See, e.g.,* Order at

12   p. 28 ("District courts have held that conditional certification requires only that

13   'plaintiffs make substantial allegations that the putative <u>class members</u> were subject

14   to a single illegal policy, plan or decision.'") (*quoting Adams v. Inter-Con Sec. Sys.,*

15   *Inc.,* 242 F.R.D. 530, 536 (N.D. Cal. 2007)*;* Order at p. 29 (defining the "FLSA

16   class" and ordering Defendants to produce the names and addresses of the members

17   of the "FLSA class"); *see also Leuthold v. Destination Am., Inc.,* 224 F.R.D. 462,

18   467 (N.D. Cal. 2004) (describing the two-tier method for collective action

19   certification under the FLSA and stating that "the party opposing <u>class certification</u>

20   may move to decertify the <u>class</u>"). This change is unnecessary and is only likely to

21   create confusion.

22          Defendants also ask for the term "Plaintiff" to be used instead of "Plaintiffs,"

23   stating that at this point Shaunetta Eddings is the only Plaintiff, and that it is

24   therefore inaccurate to refer to "Plaintiffs." However, the proposed notices define

25   ─────────────────
     [4] This is particularly true where the notice describes both the Rule 23 claims and the
26   FLSA claims. To describe one as a class action and the other as a collective action
     would then require a lengthy explanation as to the differences between the two.
27   The notice being sent only to those putative collective action members outside of
     California refers only to a "collective action," although it does still use the term
28   "Class Members" for ease of description.

1    that term and accurately state that only one Customer Representative has sued. *See*

2    Declaration of Jason M. Lindner in Support of Motion for Approval of Class

3    Notice, Exhibit A at ¶ 3 ("The Customer Service Representative who sued – and all

4    of the Class Members like her – are called Plaintiffs.") and Exhibit B at at ¶ 3

5    (same). The other references to "Plaintiffs" discuss prospective relief, and are

6    accurate as to what Plaintiff and the Class Members will request[5].

7         Finally, Defendants request that Plaintiffs describe in more detail that the

8    recovery for overtime and/or regular wages is for recovery of those wages due to

9    the payroll rounding system. Plaintiff believes that this additional explanation will

10   only unnecessarily contribute to the length and complexity of the notice. Such

11   unnecessary additions are to be avoided. *See, e.g., In re Milos Litig.*, 2010 WL

12   199688 at *2 (rejecting defendant's "proposed substantive changes because they are

13   unduly argumentative, meant to discourage participation in the lawsuit, or are

14   unnecessary or misleading.")[6]

15   **III.   CONCLUSION**

16        For the above reasons, and for the reasons described in Plaintiff's Motion,

17   Plaintiff respectfully requests that this Court approve her proposed forms of notice

18   and reaffirm that Defendants must produce the contact information for those

19   putative members in the FLSA collective action.

20   Dated:  March 28, 2011

21   ---

[5] There is one reference to "Named Plaintiffs" in section 14 of the notices that
22   Plaintiff does agree should be changed and will stipulate thereto.
[6] None of Defendants' proposed changes described in this section were discussed
23   with Plaintiff's counsel at the meet and confer regarding the form of notice, and
were only given to Plaintiff's counsel in redline form on March 7, 2011, the day
24   class notice was required to be submitted to this Court and the day Plaintiff's
Motion for Approval was filed. *See* Lindner Decl. in Support of Motion for
25   Approval, Exs. C and E. Although Plaintiff believes that these changes are
unnecessary for the reasons described above, they are also largely semantic or
26   minimal in nature and thus appropriately left to this Court's discretion. In the event
this Court decides any of the changes in this section are warranted, they can be
27   made to Plaintiff's proposed form of notice and that notice can still issue in all
28   other regards.

REPLY IN SUPPORT OF MOT.
FOR APPROVAL OF CLASS NOTICE
CASE NO. 10-CV-1744 JST (MANX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:   s/ Jason M. Lindner
Jason M. Lindner
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 610
San Diego, California 92101
Phone: (619) 400-5822
Fax:  (619) 400-5832

George A. Hanson
Eric L. Dirks
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:  (816) 714-7112
Facsimile:  (816) 714 7101
*Attorneys for Plaintiff*

REPLY IN SUPPORT OF  MOT.
FOR APPROVAL OF CLASS NOTICE
CASE NO. 10-CV-1744 JST (MANX)