UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-1744-JST (MANx)                                  Date:  July 7, 2011
Title:  Shaunetta Eddings v. Health Net, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE (Doc. 111)**

   Before the Court is Plaintiff's Motion for Approval of Class Notice.  (Doc. 111.)  Defendants filed an opposition, and Plaintiff replied.  (Docs. 114, 115.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for July 11, 2011, at 10:00 a.m. is vacated.

   On February 23, 2011, the Court certified a class pursuant to Federal Rule of Civil Procedure 23 and conditionally certified a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  (Doc. 109.)  As part of that Order, the Court ordered the parties to submit a proposed notice for both the Rule 23 and FLSA classes.  Plaintiff has submitted two proposed notices: one to be sent to California putative class members regarding both the FLSA collective action and the Rule 23 class (Linder Decl., Doc. 111-2, Exh. A), and one to be sent to putative FLSA class members outside of California (*id.* Exh. B).

   The notice provided to a class under Rule 23(b)(3) must satisfy Rule 23(c)(2), which requires a court to direct "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2).  Such notice must state:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-1744-JST (MANx)                                                Date:  July 7, 2011
Title:  Shaunetta Eddings v. Health Net, Inc., et al.

Fed. R. Civ. P. 23(c)(2).  As to the FLSA, although § 216(b) does not require a district court to approve or authorize a class notice, "it is 'within the discretion of a district court' to authorize such notice."  *McElmurry v. U.S. Bank. Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)).

      The Court concludes that the proposed notices submitted by Plaintiff as exhibits A and B to Jason Linder's Declaration satisfy Rule 23(c)(2) and provide adequate notice under the FLSA, with two modifications.  Noting the three-year statute of limitations for an FLSA claim, *see* 29 U.S.C. § 255(a), the Court amends the FLSA class definition to read as "all customer service representatives who worked in Health Net's call centers nationwide within the time period from March 10, 2007 to the present."  The notices shall reflect this modified definition for the FLSA class.  Further, in the last sentence of the fourth paragraph on page two of the notice shown as exhibit A, "clam" should be changed to "claim."

      As provided in the notices, the Court finds reasonable a 90-day period for class members to respond.  As the Court ordered on February 23, 2011, Defendants shall produce the names and addresses for all potential Rule 23 and FLSA class members without delay.  (*See* Doc. 109.)  Contrary to Defendants' contention, a third party administrator is not necessary to provide notice to the FLSA class members; Plaintiff shall be responsible for providing notice to all potential Rule 23 and FLSA class members and shall bear the cost of doing so.

      Accordingly, the Court GRANTS Plaintiff's Motion for Approval of Class Notice.


Initials of Preparer:  enm