JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| SHAUNETTA EDDINGS, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　Plaintiff,<br>　　v.<br>HEALTH NET, INC.; HEALTH NET OF CALIFORNIA, INC.; HEALTH NET FEDERAL SERVICES, LLC; MANAGED HEALTH NETWORK, INC.; HEALTH NET OF THE NORTHEAST, INC.; HEALTH NET PHARMACEUTICAL SERVICES, INC.,<br><br>　　　　　　Defendants. | Case No.  10-CV-01744 JST (RZ)<br><br>**FINAL JUDGMENT**<br><br>**Judge:  Hon. Josephine S. Tucker** |

1    For the reasons set forth in the Court's Order Granting (1) Plaintiff's Motion
2 for Final Settlement Approval and (2) Plaintiff's Application for Attorneys Fees,
3 Costs, and Enhancement Award, in accordance with Federal Rule of Civil
4 Procedure Rule 23(e)(2) and for good cause appearing,

5    IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS
6 FOLLOWS:

7    1.    The Court has jurisdiction over the subject matter of the above-
8 captioned matter, Shaunetta Eddings ("Plaintiff"), Defendants Health Net, Inc.,
9 Health Net of California, Inc.; Health Net Federal Services, LLC; Managed Health
10 Network, Inc.; Health Net of the Northeast, Inc.; and Health Net Pharmaceutical
11 Services, Inc. (collectively "Defendants") and all members of the Settlement Class.
12 The Settlement Class consist of two classes of individuals: (1) "all current and
13 former customer service representatives who worked for Defendants in Defendants'
14 call centers nationwide at any time during the period from three years prior to filing
15 Consent to Join the Action to July 2008" and (2) "all current and former employees
16 who worked for Defendants in Defendants' California call centers at any time
17 during the period from March 10, 2006, through July 18, 2008 who did not timely
18 submit an opt-out form." (collectively "Settlement Class Members" or "Settlement
19 Class")

20    2.    The term "Settlement Agreement" shall refer to the Revised Class
21 Action Settlement Agreement and Stipulation signed by the parties on December
22 20, 2012, and all terms herein shall have the same meaning as terms defined in the
23 Settlement Agreement, unless specifically provided herein.

24    3.    The Court grants final approval of the parties' Settlement Agreement.

25    4.    The Court finds that the distribution by first-class mail of the Notice of
26 Class Action Settlement to Settlement Class Members constituted the best notice
27 practicable under the circumstances to all persons within the definition of the
28 Settlement Class and fully met the requirements of due process under the United

1  States Constitution and applicable state law.  Based on evidence and other material
2  submitted in conjunction with the Final Settlement Approval Hearing, the actual
3  notice to the Settlement Class was adequate.  These papers informed class members
4  of the terms of the Settlement Agreement, their right to claim a share of the
5  settlement proceeds, their right to object to the Settlement Agreement or to elect not
6  to participate in the Settlement and pursue their own remedies, and their right to
7  appear in person or by counsel at the Final Settlement Approval Hearing and be
8  heard regarding approval of the Settlement.  Adequate periods of time were
9  provided by each of these procedures.  Zero Settlement Class Members objected to
10 the Settlement Agreement and only six – less than one-percent of the Settlement
11 Class – opted-out of the Settlement.

12       5.      The Court approves the settlement of the above-captioned action and
13 each of the releases and other terms set forth in the Settlement Agreement, as fair,
14 just, reasonable, and adequate as to the Settlement Class, Plaintiff, and Defendants
15 (collectively "Settling Parties").  The Settling Parties and the Settlement
16 Administrator are directed to perform in accordance with the terms set forth in the
17 Settlement Agreement.

18       6.      Plaintiff Shaunetta Eddings shall release and discharge Defendants and
19 other Released Parties (as defined in the Settlement Agreement, ¶ 27) from any and
20 all claims she now has or claims to have or at any time heretofore had or claimed to
21 have arising out of or related to any act, omission, event, fact or other thing related
22 to, or arising from her employment and/or severance of employment with
23 Defendants which existed or occurred on the date of or prior to the Preliminary
24 Approval Order.

25       7.      Settlement Class Members shall release Defendants and Released
26 Parties from wage and hour claims only as they relate to rounding of time and will
27 not release all potential employment claims, as further described and defined within
28 the Settlement Agreement.  Class Members who have opted-out from the settlement

1  will not release any claims against Defendants.  California Settlement Class
2  Members who became a part of the Class pursuant to the opt-out process under
3  Rule 23, and never filed a Consent to Join or otherwise opted in to this action, will
4  not release claims pursuant to the Fair Labor Standards Act.

5      8.     Defendants shall pay $600,000 as the total settlement fund without
6  admitting any liability and will deposit the money with the settlement administrator,
7  Simpluris no later than twenty (20) days after the Effective Date of the Settlement
8  Agreement (as defined in the Settlement Agreement, ¶¶ 14–16), which amount shall
9  be referred to herein as the "settlement fund."  Defendants will also pay the
10 employer's portion of applicable payroll taxes.  These are the only amounts
11 Defendants are required to pay pursuant the terms of the Settlement Agreement and
12 this Judgment.

13     9.     Plaintiff's counsel shall receive an award of attorneys' fees of
14 $150,000.00 from the settlement fund as is appropriate under Federal Rule of Civil
15 Procedure Rule 23(h) and applicable law.  Plaintiff's counsel shall also receive an
16 amount of $130,174.43 out of the settlement fund as reimbursement for their costs
17 and expenses incurred prosecuting this lawsuit.  Additionally, $25,000.00 of the
18 settlement fund is to be reserved for Simpluris, the Settlement Administrator in this
19 lawsuit.

20    10.    Plaintiff Shaunetta Eddings shall receive a $6,000.00 incentive award
21 out of the settlement fund for her services in initiating, maintaining, and assisting
22 counsel in this litigation.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

11. Each Settlement Class Member who did not opt-out of the settlement shall receive a share of the settlement fund based on the time worked within the relevant time period, the employee's rate of pay, and various multipliers as defined in paragraph 45(d) of the Settlement Agreement. The Court finds that the plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the settlement fund to Settlement Class Members shall be done in accordance with the terms outlined in the Notice of Class Action Settlement and Settlement Agreement.

12. Any funds remaining from the total settlement fund after payment of Plaintiff's counsel's fees and expenses and the distribution of the shares of the settlement fund to class members who did not opt-out of the settlement – including checks uncashed after 320 days, checks returned as undeliverable, and any unused portion of the $25,000 allocated to cover the Settlement Administrator's costs – shall be distributed in *cy pres* to the Legal Aid Society – Employment Law Center.

13. The Settlement Administrator is directed to make the foregoing payments to Plaintiff, Settlement Class Members who did not opt-out from the Settlement, Plaintiff's counsel, and the Settlement Administrator itself in accordance with the terms of the Final Approval Order and this Judgment. Defendants shall not be required to make any additional payments in connection with the Settlement Agreement, other than the payment of its share of payroll taxes as provided for in the Settlement Agreement.

14. This matter is hereby dismissed with prejudice in its entirety. The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, the Plaintiff, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

///

15. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: June 27, 2013

HON. JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE